UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 03-417-JBC**

**DONALD FANNIN,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**CYNTHIA READ, ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for summary judgment. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**Factual Background**

In reviewing the defendants' motion for summary judgment, the court looks at the facts in the light most favorable to the plaintiff, Donald Fannin, as he is the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970).

Mr. Fannin is a former employee of the Kentucky Community and Technical College System ("KCTCS"). From March 2000 through November 2001, he worked at Mayo Technical College as an assistant to the campus's Ready-to-Work Coordinator ("RTW") and, later, as the RTW. During his tenure at Mayo, he expressed displeasure with his rate of pay compared to female RTWs on other campuses. In July 2001, Mr. Fannin applied for, but did not receive, the position of statewide RTW. He voluntarily resigned from his position at Mayo in November 2001. In July 2002, after his replacement left to pursue other career opportunities,

Mr. Fannin reapplied for his old RTW position at Mayo Technical College. However, he was unsuccessful, and the job was given to Ms. Donna Crider. In December 2002, Mr. Fannin filed his first EEOC complaint, alleging that he was paid less than similarly situated female RTWs, and that KCTCS refused to rehire him because of his gender, his age, and his religion. In January 2003, Mr. Fannin applied to be the RTW at Central Kentucky Technical College ("CKTC"), but he was, again, unsuccessful. He then filed a second EEOC complaint in May 2003, alleging that he did not receive the RTW position at CKTC in retaliation for his first EEOC complaint.

In this action, Mr. Fannin alleges violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000. Specifically, Mr. Fannin alleges that he was paid less than similarly situated female employees while he was the RTW at Mayo, that he was denied the position of statewide RTW because of his gender, and that he was denied the position of RTW at CKTC in retaliation for filing his first EEOC complaint. He does not raise any allegations of discrimination based on age or religion.

**Standard of Review**

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v.* Catrett,

477 U.S. 317, 323 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* A genuine issue exists only when there is sufficient evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769. The initial burden of showing the absence of a genuine issue of material fact is on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Wage Discrimination Under the Equal Pay Act**

The Equal Pay Act prohibits an employer from considering an employee's gender when setting his salary. 29 U.S.C. § 206(d); *Odomes v. Nucare Inc.,* 653 F.2d 246, 250-51 (6th Cir. 1981). To make a prima facie case, the plaintiff must prove that the "employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Workers v. Brennan*, 417 U.S. 188, 195 (1974); *Buntin v. Breathitt County Bd. of Educ.*, 134 F.3d 796 (6th Cir. 1998). The defendant employer then has the opportunity to show that any difference in pay is justified by factors other than sex. 29 U.S.C. § 206(d)(1); *Corning*, 417 U.S. at 196 (listing four statutory exceptions).

In their motion for summary judgment, the defendants state that Mr. Fannin received the same or higher salary as that paid to similarly situated female RTWs,[1] and that any inequality in pay between Mr. Fannin and female RTWs was based on factors other than sex. In response, Mr. Fannin offers no proof as required by Fed. R. Civ. P. 56 to support his allegations that KCTCS violated the Equal Pay Act. Despite having ample time to conduct discovery, he has not offered any evidence to show that KCTCS pays similarly situated men and women at different rates. Nor does he respond to the defense, properly supported by affidavit, that he received the same or higher salary as that paid to similarly situated female RTWs. Therefore, insufficient evidence exists to permit a jury to find for Mr. Fannin on this claim, and the defendants are entitled to summary judgment.

**Failure to Hire**

Title VII prohibits an employer from refusing to hire an individual because of his gender. 42 U.S.C. § 2000-e2(a)(1). To establish a prima facie case of reverse gender discrimination under Title VII, the plaintiff must show that the defendant-employer is the unusual employer that discriminates against men and that similarly

---

[1] Mr. Fannin alleges that he received a lower salary than Jean Rosenberg, the RTW at Prestonsberg Community College. As RTW Mr. Fannin was earning $33,830 and Ms. Rosenberg was earning $37,066. However, Ms. Rosenberg had ten years of experience as an RTW and had an extensive background in social work prior to assuming the position of RTW. In contrast, Mr. Fannin had only one year of experience as an RTW and lacked a background in social work. Based on the difference in experience and skills, Mr. Fannin and Ms. Rosenberg were not similarly situated such that their pay differential constituted a violation of the Equal Pay Act. This appears to be the sole instance of a female RTW earning more than Mr. Fannin.

situated men and women are treated differently. *See Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 801 (6th Cir. 1994). To be similarly situated, the plaintiff's employment situation must be nearly identical in all relevant aspects to that of the allegedly favored female employees. *Id.* at 802. Once the plaintiff has made a prima facie case, the defendant may offer legitimate, nondiscriminatory reasons for its actions. Finally, the plaintiff may respond by showing that the proffered reasons are merely a pretext for discrimination. *Reeves v. Sanderson Plumbing Prods. Inc*, 530 U.S. 133, 142-43 (2000). As a procedural matter, under Title VII, a plaintiff must file allegations of discrimination with the EEOC before filing a law suit. Failure to file a claim with the EEOC within 300 days of its accrual bars its subsequent litigation in court. 42 U.S.C. § 2000e-5(e)(1); *Kinley v. Norfolk S. Ry. Co.*, 230 F. Supp. 2d 770, 777-78 (E.D. Ky. 2002).

*The Statewide RTW Position*

Mr. Fannin was denied the statewide RTW position in October 2001. In their motion for summary judgment, the defendants argue that Mr. Fannin was not hired as statewide RTW because other candidates were more qualified. Similarly, the defendants note that Mr. Fannin never mentioned the statewide RTW position in any of his EEOC complaints and, therefore, he cannot proceed with this claim in this court. In response, Mr. Fannin offers no evidence, as required by Fed. R. Civ. P. 56, to show that the defendants' reasons for not hiring him were a pretext for discrimination. Nor has he offered any evidence showing that he has exhausted his

administrative remedies. For these reasons the defendants are entitled to summary judgment on this failure to hire claim.

*The Rehire as RTW at Mayo Technical College*

In their motion for summary judgment, the defendants also offer legitimate, nondiscriminatory reasons, properly supported by affidavit, for hiring Ms. Crider instead of Mr. Fannin. In response, Mr. Fannin offers no evidence to rebut this defense or to show that proffered reasons were a pretext for discrimination. Because of the absence of any material proof supporting Mr. Fannin's claim, summary judgment is also appropriate on this failure-to-hire claim. *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004) (Mere personal beliefs, conjecture, and speculation are insufficient to withstand a motion for summary judgment).

**Retaliation**

To establish a case of retaliation under Title VII, the plaintiff must prove four things: (a) that he engaged in an activity protected under Title VII; (b) that the decision-maker knew that he had exercised his civil rights; (c) that he suffered an adverse employment action; and (d) that there was a causal connection between the protected activity and the adverse employment action. *Fenton v. HiSAN, Inc*, 174 F.3d 827, 832 (6th Cir. 1999). To support their motion for summary judgment, the defendants have submitted an affidavit stating that the decision-makers at CKTC were unaware of Mr. Fannin's EEOC complaint. In response, Mr. Fannin has produced no contradictory evidence and has not met his burden of

6

proving that there is an issue of material fact for trial. Therefore, the defendants are entitled to summary judgment on Mr. Fannin's claim for retaliation. Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (DE 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that all pending motions are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the court's active docket.

Signed on October 31, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY